Mr. Jnstice Lifsoomb
delivered the opinion of tlie court.
This was an action to try the title to land. The plaintiff, appellant in this court, claims title from Jersugan and wife, the original grantees from the republic. The defendant claims from the same grantees by a bond to make title, of an older date than the deed from Jersugan and wife to the plaintiff. To the authentication and proof of this bond, when offered in evidence, the plaintiff objected, but the objection was overruled and the bond given in evidence to the jury. The overruling the objection so taken presents the most material point for our consideration.
It appears from the evidence sent up to this court that the bond was executed in the state of Ai’kansas; that there were two subscribing witnesses to it. There was no effort to prove the execution by either of the subscribing witnesses, nor was there any evidence that their testimony could not be procured. It had been, it seems, admitted to record in Lamar county, on the evidence of C. P. Thomas, who certifies that he was the presiding judge of the county court of Seai-cy county, in the state of Arkansas, before whom the bond was acknowledged. He made oath before a notary public of Lamar county, that it was acknowledged before him and executed, and that his certificate of such acknowledgment was genuine. The testimony of the same witness was taken by interrogatories, amounting to about the same as his affidavit before the notary, with, perhaps, the addition that he saw the makers of the bond execute the same. There seems to be an insuperable objection to the admissibility of the evidence as offered. It was not proven in any way required by the laws of this state nor in accord-anee with the known rules of evidence. It was not proven that the subsci’ibing witnesses were dead, or beyond the jurisdiction of the court, so that their testimony could not be had. This was an essential requisite to open the wav for secondary evidence. The bond acquired no authenticity from having been, in point of fact, recorded, because it was not proven in the mode required for its admission to record. It was not acknowledged before any officer known to our laws, nor was it proven by one of the subscribing witnesses. Stat. etc. 1846, *497 p. 238, sec. 11. If the bond had been proven according to the rules of evidence, it would have been good evidence under the issue presented to the jury, and if the jury had have believed the plaintiff had notice of its existence before lie purchased, the equity arising from the bond in favor of the defendant would have been superior to the plaintiff’s title, provided the bond was really what it purports to be — founded on a fair and bona fide transaction, and not tainted with fraud. We feel some reluctance in reversing the judgment in this case, because it is so apparent that, with due care and diligence, the bond can be proven, according to the rules of evidence; and if so, it is not seen how the result would differ from the judgment already rendered. But, however unwillingly, we are bound to do so, because it is clear the testimony could not be received as it was presented without a violation of a well established rule of evidence. The judgment is reversed and the cause remanded to the court below, and a venire de novo awarded.